**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1812012211 |
| | ) | |
| JAHMAR M. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: May 7, 2020
Date Decided: May 26, 2020

**ORDER**

Upon consideration of Defendant's "Motion for Modification of Sentence," Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.     On July 22, 2019, Defendant pled guilty to Attempted Burglary First Degree, Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), and Aggravated Menacing.[1]  On November 8, 2019, Defendant was sentenced as follows:  for Attempted Burglary First Degree, IN19-02-0929, 8 years at Level V, suspended after 2 years, for 1 year at Level IV (DOC Discretion), followed by 2 years at supervision Level III; for PDWDCF, IN19-02-0928, 2 years at Level V; and for Aggravated Menacing, IN19-01-0141, 5 years at Level V, suspended after 1 year, for 1 year supervision at Level III.[2]

---

[1] D.I. 20.
[2] D.I. 32.  Probation is concurrent.

2. On May 7, 2020, Defendant filed a "Motion for Modification of Sentence," arguing that his sentence for Attempted Burglary First Degree, IN19-02-0929, violates the statutory guidelines, and asks the Court to modify the Level V portion of this sentence from "suspended after 2 years" to "suspended after 1 year."[3] Specifically, Defendant asserts that the Court did not apply the amended version of 11 *Del. C.* § 826 at sentencing and Defendant should serve only 1 year at Level V for Attempted Burglary First Degree, not 2 years.[4]

3. Although his Motion is styled as a motion for modification, the relief Defendant seeks is correction of an allegedly illegal sentence. Therefore, Defendant's Motion is governed by Superior Court Rule 35(a), not Rule 35(b).

4. Pursuant to Superior Court Criminal Rule 35(a), the Court may "correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within [90 days after the sentence is imposed]."[5] Rule 35(a) provides a narrow function to correct illegal sentences, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence."[6] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is

---

[3] D.I. 35.
[4] *Id.*; *see* House Amend. No. 1 to House Bill No. 77, 82 Del. Laws (eff. Sept. 16. 2019) ("Amended 11 *Del. C.* § 826").
[5] Super. Ct. Crim. R. 35(b).
[6] *Brittingham*, *v. State*, 705 A.2d 577, 578 (Del. 1998).

2

internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[7]

5. The 150th General Assembly amended 11 *Del. C.* § 826 to clarify that: (1) Burglary or Attempted Burglary in the first degree is a Class C felony and has a 1 year minimum sentence; and (2) If during the commission of Burglary or Attempted Burglary in the first degree, the person is armed with a deadly weapon or causes physical injury to a person who is not a participant in the crime, the minimum sentence is 2 years.[8] The amendment to Section 826 became effective September 16, 2019.[9]

6. A defendant is "charged and sentenced under the law in effect at the time of the offense."[10] At the time Defendant committed Attempted Burglary First Degree, the amendment to Section 826 was not yet in effect. Therefore, the Court applied the proper version of 11 *Del. C.* § 826 at sentencing.[11]

7. Assuming, *arguendo*, the amendment to Section 826 is applicable to Defendant's sentence for Attempted Burglary First Degree, Defendant would still be required to serve a mandatory minimum of 2 years at Level V because Defendant

---

[7] *State v. Yarborough*, 2020 WL 502386, at *3 (Del. Super. Jan. 30, 2020) (quotations omitted) (citing *Brittingham*, 705 A.2d at 578).
[8] *See* Amended 11 *Del. C.* § 826.
[9] *Id.*
[10] *Ingram v. State*, 105 A.3d 989, 2014 WL 7010667, at *1 (Del. 2014) (TABLE).
[11] *See* 11 *Del. C.* § 826 (2018) (Under this version, Attempted Burglary in the first degree had a minimum sentence of 2 years at Level V).

3

was armed with a deadly weapon during the commission of Attempted Burglary First Degree.[12]

8.    Accordingly, Defendant's sentence for Attempted Burglary First Degree is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a correction, reduction, or modification of this sentence.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's "Motion for Modification of Sentence" is **DENIED**.

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____
Jan R. Jurden, President Judge


Original to Prothonotary

cc:    Jahmar M. Williams (SBI# 00470161)
       Cynthia Hurlock, DAG

---

[12] *See* Amended 11 *Del. C.* § 826.

4